**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOHAMMED HAROON ALI,

    Petitioner,

    v.

RODERICK Q. HICKMAN, Director,
California Department of Corrections

    Respondent.
_____/

No. C-05-5243 PJH

**ORDER TO SHOW CAUSE**

Petitioner Mohammed Haroon Ali ("Ali"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

In 2001, Ali was convicted of first degree murder by a jury in the California Superior Court, County of San Mateo. Ali had been convicted of two prior felonies, and at the time of his murder conviction, he was on probation for aggravated kidnapping.

At a hearing on May 5, 2001, the trial court found that the allegations regarding his prior offenses were true, that one of them constituted a "strike," and that Ali had violated his probation. On August 13, 2001, Ali was sentenced to an aggregate sentence of fifty-five years to life in prison. In addition, the trial court revoked Ali's probation and reimposed the nine-year sentence for his prior conviction.

The California Court of Appeal denied Ali's appeal of his conviction on January 30, 2004. The California Court of Appeal also denied Ali's original petition for writ of habeas corpus on January 30, 2004. The California Supreme Court denied Ali's petition for review of his conviction on May 12, 2004, and denied his petition for habeas corpus on January 19, 2005. Ali filed the instant federal habeas petition on December 19, 2005.

# DISCUSSION

## A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation on the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Legal Claims

Ali seeks federal habeas corpus relief, raising five claims: 1) that he was denied due process of the law, equal protection under the law, and a fair jury trial under the Fifth, Sixth, and Fourteenth Amendments when the trial court applied the wrong test in determining the propriety of the prosecutor's peremptory challenges; 2) that he was deprived of effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments when the special instruction given by the trial court to the jury erroneously defined the elements of voluntary manslaughter in a way that made it impossible for the jury to find that the petitioner had committed a lesser crime and effectively relieved the prosecution of meeting its burden of proof; 3) that he was deprived of the effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments when his trial counsel failed to object to the special instruction regarding the elements of voluntary manslaughter; 4) that he was deprived of due process and a fair jury trial under the Fifth, Sixth, and Fourteenth Amendments when the trial court permitted the prosecution to introduce highly prejudicial evidence that had no substantial probative value other than as "propensity" evidence; and 5) that he was deprived of effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments when the pattern instructions regarding the use of propensity evidence allowed the jury to convict him of the charged crime even if the prosecution did not meet its burden of proof. Ali also conditionally requests that an evidentiary hearing be held in this case.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254, and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with this court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: February 22, 2006

PHYLLIS J. HAMILTON
United States District Judge